**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

JAMES L. KILMAN,

             Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

             Defendant.

2:13-cv-01424-JCM-VCF

**<u>REPORT AND RECOMMENDATION</u>**

      This matter involves Plaintiff James L. Kilman's appeal from Defendant Carolyn W. Colvin's final decision denying Kilman's social security benefits. (Compl. #1). Currently before the court is Kilman's motion to remand. (#9). Colvin filed an opposition and cross motion to affirm.  (#10 & 11).

**<u>BACKGROUND</u>**

      This action arises under the Social Security Act, Titles II.  Kilman filed an application for a period of disability, disability insurance benefits, and supplemental security income on July 16, 2010 alleging an onset of disability from September 6, 2009. AR[1] 153-156. The Commissioner denied the applications, determining that Kilman is not disabled and capable of performing alternative work at step five of the sequential disability analysis. AR 19-33. Kilman disagrees, arguing that the ALJ committed reversible error because he relied on erroneous vocational testimony.   The vocational expert identified alternative work of a bookkeeping/billing clerk and information clerk. Kilman argues that an individual limited to the residual functional capacity adopted by the ALJ, would be unable to perform this work. (#9, at 9 and 10).

---

[1] AR refers to the Administrative Record.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When, as here, the Commissioner of Social Security renders a final decision, which denies a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review of the Commissioner's decision is limited. The court reviews the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The issue before the court is, therefore, narrow. It is not whether the Commissioner could have reached a different conclusion, which the record may support. It is, rather, whether the decision is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that if the evidence supports more than one interpretation, the court must defer to the Commissioner's interpretation). Stated simply, the Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**DISCUSSION**

Kilman's appeal presents one question: whether the ALJ erred in accepting the vocational expert's testimony that, with the agreed limitations, Mr. Kilman would be able to perform work that exists in significant numbers in the national capacity, specifically:  bookkeeping clerk, bill sorter and information clerk.

## I. <u>Disability Evaluation Process</u>

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§

3

404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

---

[1] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f) and 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made.

Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

## II.      Analysis and Findings

The parties agree that the ALJ's determination of Mr. Kilman's residual functional capacity ("RFC") was supported by the record.  In pertinent part, the determination included, "The claimant can perform both simple tasks and tasks with one and two-step detailed instructions, but cannot perform tasks involving complex instructions." AR 25 ¶ 5.  Mr. Kilman argues that the ALJ erred in accepting the vocational expert's ("VE") testimony that, with the agreed limitations, Mr. Kilman would be able to perform work that exists in significant numbers in the national capacity, specifically:  bookkeeping clerk, bill sorter and information clerk. (#9 at 6).

Plaintiff argues that the positions of bookkeeping clerk and information clerk are not consistent with limitations to simple repetitive tasks. (#9 at 20).  With regard to bill sorter, plaintiff argues the VE incorrectly testified that bill sorter was an SVP 2 job, when, in fact, it has been assigned a specific vocational preparation level (SVP) of 3.  *Id.* Consequently, the plaintiff further argues, the ALJ's determination that plaintiff would be able to perform work as a bill sorter must be reversed.

The Commissioner argues that the agreed upon ability of the plaintiff to perform tasks with one and two-step detailed instructions defeats plaintiff's "simple repetitive tasks" argument regarding bookkeeping clerk and information clerk.  The Commissioner further argues that the SVP error in the VE's testimony is harmless and the determination that Mr. Kilman would be able to perform the work of a bill sorter is supported by the record as a whole.

6

At the fifth and final stage of the disability evaluation process, the ALJ must determine whether the Plaintiff is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g) and 416.920(g). If Plaintiff is able to do other work, then a finding of not disabled is made.

To determine whether Plaintiff could make a successful adjustment to other work, the ALJ must consider Plaintiff's significant past relevant work experience.  Plaintiff's prior work history shows that he is skilled in numerous occupations, including as a compliance manager, customer service representative, inventory control clerk, audit clerk, and accounting clerk.  (AR 31).  The vocational expert testified that Plaintiff could not perform his past relevant work, but could perform other work that exists in significant numbers.  (AR 67-68).  Relying on the testimony of the vocational expert, the ALJ determined that Plaintiff would be able to perform the work of a bookkeeping clerk, bill sorter, and information clerk. (AR 32).  However, the ALJ made an error in his findings when referring to the job title of "bookkeeping clerk."  *Id.*  The correct title is "billing clerk".  The DOT reference number 214.362-042 corresponds to the title of "billing clerk" in the Dictionary of Titles.  The ALJ also incorrectly states that the occupations of billing clerk, bill sorter, and information clerk are classified as "SVP 2" occupations.  The correct SVP levels for these occupations are as follow:

1. billing clerk - SVP 4,

2. bill sorter - SVP 3,

3. information clerk - SVP 4.

Plaintiff argues that the positions of billing clerk and information clerk with SVP level of "4" are not consistent with limitations to simple repetitive tasks.  The ALJ found that, "[t]he claimant can perform both simple tasks and tasks with one and two-step detailed instructions, but cannot perform task involving complex instructions." (AR 24).  Plaintiff's prior work experience as a compliance manager,

customer service representative, inventory control clerk, audit clerk, and accounting clerk constitute substantial gainful activity which far exceeds SVP 3 and SVP 4 levels.  The ALJ used the Medical-Vocational Guidelines as a framework in conjunction with the testimony of the vocational expert, and reasonably found that Plaintiff was able to perform the work of a billing clerk, bill sorter, and information clerk which exist in substantial numbers in the national economy.  Based Plaintiff's prior job experiences, he is able to and well qualified to perform the work of a billing clerk, bill sorter, and information clerk.

The Court may not reverse an ALJ's decision on account of an error that is harmless.  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409) (2009).

Judicial review of the ALJ's decision to deny disability benefits is limited to whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence, including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g).

ACCORDINGLY, and for good cause shown,

## RECOMMENDATION

IT IS RECOMMENDED that Plaintiff's Motion for Reversal (#9) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Cross-Motion to Affirm and Opposition to Motion to Remand (#10) be GRANTED.

DATED this 24th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

8